FILED

2017 JUL 13 PM 4:18

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2016 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GLOW INDUSTRIES, INC., and CHARLES KAYE,<br><br>Defendants. | ED CR No. - EDCR-17-146<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 371: Conspiracy; 49 U.S.C. §§ 5104(b), 5124(a): Knowingly Tampering with Package Containing Hazardous Materials; 49 U.S.C. § 5124(a): Transporting Hazardous Materials Without Marking and Labeling; 49 U.S.C. §§ 5107, 5124(a): Failure to Provide Hazardous Materials Training to Hazardous Materials Employee; 18 U.S.C. § 2(b): Causing An Act To Be Done] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

A. INTRODUCTORY ALLEGATIONS

1. Defendant GLOW INDUSTRIES, INC., ("GLOW") was a corporation located in Perrysburg, Ohio that sold tobacco accessories and other items.

2. In or about 2011, defendant GLOW opened a warehouse facility in Riverside, California.

3. Defendant CHARLES KAYE ("KAYE") was a manager employed by defendant GLOW who first worked at defendant GLOW's facility in Perrysburg, Ohio and later, in or about 2011, as the manager of GLOW's facility in Riverside, California.

B. OBJECTS OF THE CONSPIRACY

4. Beginning on an unknown date and continuing to on or about August 6, 2012, in Riverside County, within the Central District of California, and elsewhere, defendants GLOW and KAYE, and others known and unknown to the Grand Jury, conspired and agreed with each other to:

a. To knowingly and willfully transport hazardous materials, namely, butane, without required labeling, in violation of Title 49, United States Code, Section 5124 and Title 49, Code of Federal Regulations, Sections 172.301, 172.417, 173.306, and 173.316; and

b. To defraud the United States by using deceitful and dishonest means to frustrate, impede, and obstruct the lawful functions and efforts of the United States Department of Transportation to enforce federal statutes and regulations governing the transportation of hazardous materials.

C. MANNER AND MEANS OF THE CONSPIRACY

4. The objects of the conspiracy were carried out, and were to be carried out, in substance as follows:

a. Defendant GLOW would purchase products, such as butane cartridges, that were classified as hazardous materials ("hazardous material products") under Title 49, United States Code, Section 5102, and Title 49, Code of Federal Regulations, Section 172.101.

b. Suppliers would ship butane cartridges to defendant GLOW in boxes that were marked in compliance with federal law.

c. Defendant GLOW would sell the butane cartridges to various customers throughout the United States.

d. Prior to shipping, defendant GLOW's employees, acting at the direction of management and within the course and scope of their employment, would conceal required hazardous material markings and labels by removing the butane cartridges from the supplier's shipping box, that displayed hazardous material labels and markings required under federal law, and then placing the butane cartridges into a box that did not display any hazardous material markings and labels required under federal law.

e. Defendant GLOW would then offer for transportation in commerce butane cartridges in a box that did not display any hazardous material labels and markings required under federal law.

f. Defendant KAYE would manage defendant GLOW's warehouse in Riverside, California and allow the practice of concealing required hazardous materials labeling and marking on hazardous materials products, such as butane cartridges, offered for transportation in commerce by defendant GLOW.

g. Neither defendant GLOW nor its employees would disclose to the shipping company that defendant GLOW was shipping hazardous materials.

D. <u>OVERT ACTS</u>

5. On or about the following dates, in furtherance of the conspiracy and to accomplish its objects, defendants GLOW and KAYE, and other co-conspirators known and unknown to the Grand Jury, committed and willfully caused others to commit various overt acts

within the Central District of California and elsewhere, including, but not limited to, the following:

<u>Overt Act No. 1</u>: On or about May 25, 2012, defendant GLOW shipped Vector butane cartridges from Perrysburg, Ohio, to Ormond Beach, Florida in a box that did not display any hazardous material labeling or marking.

<u>Overt Act No. 2</u>: On or about May 30, 2012, defendant GLOW shipped Vector butane cartridges from Riverside, California to Castle Rock, Colorado, in a box that did not display any hazardous material labeling or marking.

<u>Overt Act No. 3</u>: On or about June 1, 2012, defendant GLOW shipped Vector butane cartridges from Riverside, California, to Virginia, Minnesota, in a box that did not display any hazardous material labeling or marking.

<u>Overt Act No. 4:</u> On or about June 4, 2012, defendant GLOW shipped Vector butane cartridges from Riverside, California, to Hyannis, Massachusetts, in a box that did not display any hazardous material labeling or marking.

<u>Overt Act No. 5:</u> On or about June 5, 2012, defendant GLOW shipped Vector butane cartridges from Riverside, California, to Fort Collins, Colorado, in a box that did not display any hazardous material labeling or marking.

<u>Overt Act No. 6</u>: On or about June 15, 2012, defendant GLOW shipped Vector butane cartridges from Riverside California to Buffalo, New York in a box that did not display any hazardous material labeling or marking.

<u>Overt Act No. 7</u>: On or about June 22, 2012, defendant GLOW shipped Vector butane cartridges from Riverside, California, to Santa

Maria, California, in a box that did not display any hazardous material labeling or marking.

Overt Act No. 8: On or about June 22, 2012, defendant GLOW shipped Vector butane cartridges from Riverside, California, to Auburn, New York, in a box that did not display any hazardous material labeling or marking.

Overt Act No. 9: On or about June 27, 2012, defendant GLOW shipped Vector butane cartridges from Riverside, California to Hood River, Oregon, in a box that did not display any hazardous material labeling or marking.

Overt Act No. 10: On or about June 29, 2012, defendant GLOW shipped Vector butane cartridges from Riverside, California, to Hesperia, California, in a box that did not display any hazardous material labeling or marking.

Overt Act No. 11: On or about July 5, 2012, defendant GLOW shipped Vector butane cartridges from Riverside, California to Billings, Montana, in a box that did not display any hazardous material labeling or marking.

Overt Act No. 12: On or about July 10, 2012, defendant GLOW shipped Vector butane cartridges from Riverside, California, to Dallas, Texas, in a box that did not display any hazardous material labeling or marking.

Overt Act No. 13: On or about July 17, 2012, Unnamed Co-conspirator 1 instructed a GLOW employee that Vector butane cartridges be shipped out in a manner so that there was no display of any hazardous material marking or labeling.

Overt Act No. 14: On or about July 17, 2012, defendant KAYE and Unnamed Co-conspirator 1 caused an employee of defendant GLOW to

invert a box containing Vector butane cartridges so that the box would not display any hazardous material labeling or marking.

Overt Act No. 15: On or about July 18, 2012, defendant GLOW shipped Vector butane cartridges from Riverside, California to Anchorage, Alaska in a box that did not display any hazardous material labeling or marking.

Overt Act No. 16: On or about August 6, 2012, defendant KAYE sent a letter to a Special Agent of the Federal Aviation Administration of the United States Department of Transportation that falsely stated that an employee of defendant GLOW had inadvertently shipped cases of Vector butane without declaring it as hazardous material.

COUNT TWO

[49 U.S.C. §§ 5104(b), 5124(a); 18 U.S.C. § 2(b)]

On or about July 17, 2012, in Riverside County, within the Central District of California, defendants GLOW INDUSTRIES, INC. and CHARLES KAYE knowingly and willfully caused a package used to transport hazardous materials, namely, Vector butane cartridges, to be tampered with so that the package did not display any hazardous material labeling or marking.

COUNT THREE

[49 U.S.C. § 5124(a); 18 U.S.C. § 2(b)]

On or about July 18, 2012, in Riverside County, within the Central District of California, defendants GLOW INDUSTRIES, INC. and CHARLES KAYE willfully and recklessly offered, and willfully and recklessly caused to be offered, for transportation from Riverside, California, to Anchorage, Alaska, in commerce, a package containing hazardous materials, namely, Vector butane cartridges, without the package labeling and marking as required under Title 49, Code of Federal Regulations, Sections 172.301, 172.417, 173.306, and 172.316.

COUNT FOUR

[49 U.S.C. §§ 5107, 5124(a); 18 U.S.C. § 2(b)]

On or about July 17, 2012, in Riverside County, within the Central District of California, defendant GLOW INDUSTRIES, INC., a hazmat employer, as defined in Title 49, United States Code, Section 5102(4), specifically, a corporation that employed persons who handled and prepared hazardous materials for transportation ("hazmat employees"), willfully and recklessly failed to provide hazardous materials training to its hazmat employees.

A TRUE BILL

/S/

Foreperson

SANDRA R. BROWN
Acting United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

JOSEPH O. JOHNS
Assistant United States Attorney
Chief, Environmental and
Community Safety Crimes Section

MARK A. WILLIAMS
Assistant United States Attorney
Deputy Chief, Environmental and
Community Safety Crimes Section

DENNIS MITCHELL
AMANDA M. BETTINELLI
Assistant United States Attorneys
Environmental and Community
Safety Crimes Section